UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DENNIS DUNNE,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>STEPHEN LANGFORD,<br><br>　　　　　Respondent. | No. 2:15-cv-0549-JAM-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　Petitioner is a federal prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that the Bureau of Prisons (BOP) erroneously calculated his mandatory release date in violation of 18 U.S.C. § 4206(d). Upon careful consideration of the record and the applicable law, it appears that the BOP has properly applied section 4206(d) and it is recommended that petitioner's application for habeas corpus relief be denied.

**I. Background**

　　　Petitioner was convicted in 1980 of three counts of armed bank robbery and conspiracy to effect the escape of a federal prisoner. He was sentenced to three consecutive 25 year terms for the robbery convictions and a 5 year term for the conspiracy conviction, to be served concurrently with any sentence to be imposed by the State of Washington. ECF No. 13 at 2. On September 15, 1980, the State of Washington sentenced petitioner to a total prison term of 15 years for the

offenses of escape in the first degree, possession of a machine gun, and taking and riding a motor vehicle without the owner's permission.[1]  *Id.*; ECF No. 1 at 17.

Four years after his 1980 convictions, petitioner again sustained convictions for serious federal felonies.  In 1984, he was sentenced in the Middle District of Pennsylvania to a total prison term of 15 years for attempted escape from a U.S. penitentiary, aiding and assisting the attempted escape of another inmate, and conveyance of a weapon within a U.S. penitentiary.  ECF No. 13 at 2-3.  That sentence consisted of a 5 year consecutive term of confinement, a 5 year concurrent term of confinement, and a 10 year consecutive term of confinement.  *Id.* at 3.  Thus, the totality of petitioner's sentences consist of three terms of 25 years, two 5 year terms (one running concurrently with petitioner's state incarceration), and one 10 year term, all running consecutively to each other, plus an additional 5 year concurrent term.  *Id.*

**II.  Preliminary Matters**

**A.  Standard of Review Applicable to Claims Brought Pursuant to 28 U.S.C. § 2241**

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that his custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3).  A federal prisoner who challenges the validity or constitutionality of his underlying conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255.  *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).  A federal prisoner challenging the manner, location, or conditions of the execution of a sentence, as petitioner does here, must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000); *see also Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008).

**B.  Proper Respondent**

G.J. Bissett was previously named as the respondent.  In a habeas challenge, "the proper respondent is the warden of the facility where the prisoner is being held."  *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  *See also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.

---

[1] Petitioner satisfied his state sentence on March 18, 1991.  ECF No. 13 at 2; ECF No. 1 at 8.

2

484, 494-95 (1973) (stating, in a habeas corpus action pursuant to 28 U.S.C. § 2241, "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody"). Petitioner is currently an inmate at Lompoc Federal Correctional Complex (Lompoc) in Santa Barbara, California. The warden of that facility is Stephen Langford. Accordingly, the court now substitutes Warden Stephen Langford as the respondent in this action.

**C. Venue**

Pursuant to 28 U.S.C. § 2241(d), a petition for a writ of habeas corpus must be brought in the district court where the petitioner is confined or in the district where he was convicted and sentenced. Venue was proper in the Eastern District of California when this action was filed because petitioner was then incarcerated at FCI Herlong, which is in the Eastern District. Although petitioner has since been transferred to Lompoc, which is in the Central District of California, this court may continue to exercise jurisdiction over this action, notwithstanding petitioner's transfer. *See Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) ("'[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change'") (quoting *Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)); *accord Smith v. Campbell*, 450 F.2d 829, 834 (9th Cir. 1971) ("We hold that by reason of the fact that the petitioner and his custodian, his immediate commanding officer, were within the territorial jurisdiction of the district court at the time the petition for writ of habeas corpus was filed, the district court had jurisdiction to determine the merits of the litigation . . . subsequent involuntary removal of the petitioner from the district does not defeat that jurisdiction when those having present custody of the petitioner are subject to the process of the court"). Accordingly, venue remains proper in this district.

**III. Petitioner's Claim**

Petitioner's sole ground for federal habeas relief is his claim that the BOP's calculation of his mandatory release date violates 18 U.S.C. § 4206(d). Although it was repealed subsequent to petitioner's offenses, that section provided at the relevant times that:

/////

3

> (d) Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier.

18 U.S.C. § 4206(d).

Using this provision, the BOP computed petitioner's mandatory release date by "calculating two-thirds of each consecutive term, rounding those totals into the nearest month, and adding the results." ECF No. 13 at 3. Thus, the BOP computed petitioner's mandatory release date based on a calculation of two/thirds of each of petitioner's separate sentences, and not on his aggregate term of years. *Id.* at 8, 26. This resulted in a release date of July 17, 2049. *Id.*; ECF No. 1 at 26. The BOP states, however, that "petitioner is projected to obtain good conduct time and other credits during his confinement that would reduce his effective sentence and therefore advance this effective mandatory parole date to April 1, 2043."[2] ECF No. 13 at 3.

Petitioner argues that a plain reading of § 4206(d) shows that the BOP must aggregate his various sentences into one sentence of 95 years and then apply the latter phrase (involving the 30 year cap) to that aggregate sentence. He reasons that because his aggregate sentence is longer than 45 years, he must be released after serving 30 years of his 95 year aggregate term. He argues that, under the language of the statute, the 30 year cap applies to "30 years of terms aggregating to more than 45 years," as well as to "30 years of each term of more than 45 years." ECF No. 16 at 4. Put another way, petitioner contends that § 4206(d) "directs the release of prisoners such as petitioner who have served 30 years on sentences such as petitioner's 95 year aggregate." ECF No. 1 at 10. He explains that "the dispute here boils down to whether this statutory language applies to consecutive terms of years individually or consecutive terms of years as an aggregate." ECF No. 16 at 4. Petitioner says that his interpretation of the statute "gives effect to all the statute's words without being tortuous or grammatically incorrect." *Id.* He states, "my contention is that the calculation is simple: 18 March 1986 plus 30 years equals 18 March 2016."

---

[2] It appears that petitioner's actual release date will depend on credits that are yet to be determined and will be finalized closer to the date of his projected release.

4

1    ECF No. 1 at 3.

2    Petitioner disputes the BOP's interpretation of the statute, which assumes that because
3    none of petitioner's sentences were longer than 45 years, the 30 year sentence cap contained in
4    the final phrase of § 4206(d) is not applicable. *Id.* at 9. Petitioner notes that the BOP calculated
5    his parole eligibility date and good time credits on his "aggregate sentence" but calculated his
6    release date on his "stacked" or "dis-aggregated" sentence. *Id.* at 8-9. He argues that this is
7    "inconsistent" and unfair. *Id.* at 12. In essence, petitioner is arguing that the BOP should
8    aggregate his sentences into one 95-year term, which would qualify him under 18 U.S.C.
9    § 4206(d) to a 30 year maximum sentence.

10   Petitioner filed several unsuccessful administrative grievances with respect to his claim
11   that he is entitled to release after serving only 30 years in prison. In a response to one of those
12   grievances, petitioner was advised as follows:

> Pursuant to 18 U.S.C. § 4206(d) and 28 C.F.R. § 2.53(a), an "old law" inmate must be considered for parole after serving two-thirds of *each* consecutive term or terms. That is, the two-thirds date for an aggregate term consisting of multiple consecutive terms is established by totaling two-thirds of each individual, underlying term. Thus, even though 18 U.S.C. § 4206(d) provides that the two-thirds date for **an individual term exceeding 45 years is 30 years**, when the aggregate of multiple consecutive individual terms exceeds 45 years, the two-thirds date may nonetheless be more than 30 years.

19   ECF No. 1 at 20 (emphasis added).

20   Petitioner cites numerous cases to illustrate his argument that consecutive sentences
21   should be aggregated in order to determine a release date under § 4206(d). In order of citation,
22   those cases include: *Grant v. Hunter*, 166 F.2d 673, 674 (10th Cir. 1948) (Tenth Circuit held that
23   "the imprisonment of one serving consecutive sentences is considered a single term, consisting of
24   the aggregate of such sentences for the purpose of computing good time allowance"); *McCray v.*
25   *United States Board of Parole*, 542 F.2d 558, 569 (10th Cir. 1976) (Tenth Circuit held that "under
26   statute providing that a federal prisoner is considered released from the jurisdiction of the parole
27   board 180 days prior to the end of the maximum term or terms for which he was committed,
28   parolee was not entitled to 180 days off each of his four sentences insofar as parole supervision

was concerned"); *Garlotte v. Fordice*, 515 U.S. 39 (1995) (United States Supreme Court held that a "petitioner who is serving consecutive state sentences is 'in custody' and may attack the sentence scheduled to run first, even after it has expired, until all sentences have been served"); *Brown v. Kearney*, 302 F.2d 22 (5th Cir. 1962) (Fifth Circuit held that a "federal prisoner, who was sentenced by two different federal courts for two different offenses to serve two consecutive sentences, did not commence to serve the second sentence on the date upon which he would have been entitled to mandatory release from the first, were it the only sentence, for purpose of determining period of time to which he was subject to supervision as a parolee"); *U.S. ex rel. Klein v. Kenton*, 327 F.2d 229 (2d Cir. 1964) ("a federal prisoner, who was sentenced and committed to three consecutive two-year terms, and who as result of accumulation of 576 days 'good time' and 90 days 'meritorious' time was released subject to supervision on February 17, 1962, was properly recommitted to prison on April 2, 1963 as parole violator as against contention that his first term 'ended' on completion of two years less 'good time' and that prisoner in effect had 'elected' to spend in prison the time deducted from his first sentence"); *Rutledge v. United States*, 230 F.3d 1041, 1048 (7th Cir. 2000) ("Our prior cases permitting district courts to increase sentences for particular convictions after a successful § 2255 motion support this holding, though these decisions are not exactly analogous since vacated convictions were not involved" because "the word "sentence" in § 2255 refers to the entire package of terms that the defendant receives for his convictions"). Petitioner also cites 18 U.S.C. §3584, which provides that "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." None of cited authorities address the specific issue presented in petitioner's § 2241 petition and therefore do not dictate the result here.

Petitioner also argues that a footnote in *United States v. Addonizio*, 442 U.S. 178 (1979) supports his interpretation of § 4206(d). In *Addonizio*, the Supreme Court held that prisoners could not bring a collateral attack under 28 U.S.C. § 2255 on the ground that a post-sentencing change in the policies of the United States Parole Commission prolonged their actual imprisonment beyond that intended by the sentencing judge. In a footnote, the court stated:

> A federal prisoner is entitled to release at the expiration of his maximum sentence less "good time" computed according to 18 U.S.C. § 4161. *In addition, any prisoner sentenced to more than 5 years' imprisonment is entitled to be released on parole after serving two-thirds of each consecutive term or 30 years, whichever is first*, unless the Commission determines that the prisoner "has seriously or frequently violated institution rules" or that there is a reasonable probability that he would commit further crimes. 18 U.S.C. § 4206(d).

*Id.* (emphasis added). Petitioner argues that this language supports his contention that all of his consecutive terms must be aggregated to determine his release date under § 4206. Although the language in this footnote, standing alone, could be construed to support petitioner's argument, neither the holding in *Addonizio* or dicta in the footnote are sufficient to support petitioner's assertion that his convictions must be aggregated for purposes of determining his sentence under § 4206(d).

The government argues that the 30 year mandatory release date contained in § 4206(d) is only applicable as it "relates to each individual consecutive term of confinement rather than a petitioner's aggregate sentence." ECF No. 12 at 5. The government explains that where a prisoner is serving multiple consecutive sentences of imprisonment, "the proper calculation involves adding two-thirds of the total sentence for each consecutive term (provided the terms are 45 years or less) to determine an inmate's parole eligibility date." *Id.* at 6. According to the government, petitioner's contention that his consecutive terms be aggregated into one term of more than 45 years for purposes of determining his release date ignores the plain language of the statute and is an incorrect reading of its terms. The government argues that the 30 year sentence limit contained in the second phrase of § 4206(b) only comes into play if a prisoner has received an individual sentence of more than 45 years in length. The government further argues that the BOP correctly determined petitioner's release date by calculating two-thirds of each of petitioner's consecutive terms and adding those numbers together, instead of aggregating petitioner's individual sentences into one term of more than 45 years and setting his release date at a total of 30 years. *Id.* at 6-7.

In support of its arguments, the government cites *Amaro v. Rios*, No. 1:11-cv-234 SKO HC, 2014 WL 467130 (E.D. Cal. Feb. 5, 2014) and *Greschner v. United States parole Comm'n*,

7

No. 06-cv-0295 CW HC, 2009 WL 800948 (E.D. Cal. 2009).  In *Amaro*, the petitioner received four murder convictions and was sentenced to four life terms.  2014 WL 467130, at *2.  He was also sentenced to a term of 50 years imprisonment on one count of conspiracy to commit murder. *Id.*  In determining his sentence, the BOP had erroneously treated petitioner's four life sentence terms as running concurrently instead of consecutively and had set his release date at thirty years.  Subsequently, the BOP recognized its mistake and re-sentenced petitioner on the basis of four consecutive life terms, for a total of 120 years in prison.  Amaro argued that the longer release date was incorrect.  The magistrate judge rejected Amaro's arguments, concluding that pursuant to 18 U.S.C. § 4206(d), the BOP correctly calculated petitioner's release date "based on thirty (30) years for each of four (4) consecutive terms, for a total of 120 years."  *Id.* at 5.  Thus, because Amaro received four consecutive life sentences, he was not eligible to be released until he had served 30 years on each life term, for a total of 120 years..

In *Greschner*, the petitioner was sentenced to a term of life imprisonment on count one and life imprisonment on count two.  2009 WL 800948, at *1.  Greschner challenged the failure of the United States Parole Commission to grant him parole at his parole suitability hearing or to award him credit on his federal sentence for time served on his state sentence.  *Id.*  In pertinent part, the magistrate judge determined that petitioner's sentence was correctly calculated, reasoning:

> Under 18 U.S.C. § 4206(d) (repealed 1987), in effect at the time Petitioner was sentenced, any prisoner serving a sentence of life, who was not released earlier, shall be released on parole after serving thirty years on each consecutive life term.  Because Petitioner is serving two consecutive life sentences, his mandatory parole date is 2055, sixty years after he began serving his federal sentence.

*Id.* at *5.  Thus, in both *Amaro* and *Greschner*, the petitioners were not eligible to be released until they had served 30 years on each life sentence (i.e., 30 years multiplied by the number of life sentences received).  Their sentences were not capped at 30 years.

This court agrees with the government that the BOP's calculation of petitioner's mandatory release date does not violate 18 U.S.C. § 4206(d).  Pursuant to a plain reading of that code section, a prisoner is entitled to the 30 year sentence cap only if he/she receives a sentence

8

of more than 45 years or a life term.  Petitioner did not receive any sentence of more than forty-five years, nor did he receive a life term.  Accordingly, he is not entitled to release after 30 years.  Because all of petitioner's terms are for less than life or 45 years, he is entitled to release only after serving two-thirds of "each consecutive term."  Nothing in the language of the statute instructs that consecutive terms should be aggregated for purposes of calculating a prisoner's sentence.  Although petitioner cites numerous authorities discussing aggregation of sentences in different contexts, he has failed to cite any authority establishing that his individual terms must be aggregated for purposes of 4206(d).

Petitioner has failed to sustain his burden in this § 2241 petition and is therefore not entitled to relief on his claim before the court.  *See Burston v. Caldwell*, 506 F.2d 24, 28 (5th Cir. 1975) ("the petitioner in a habeas corpus proceeding has the burden of proof to establish sufficient facts to warrant a finding of denial of constitutional rights").[3]

**IV. Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue

---

[3] As noted above, petitioner also points out that his parole eligibility date was based on his aggregate sentence of 95 years in prison and not on his individual sentences, even though the statute defining the time of eligibility for release on parole contains language similar to 18 U.S.C. § 4206(d).  ECF No. 16 at 6.  Without more, this point does not convince the court that petitioner's release date is based on an erroneous interpretation of 18 U.S.C. § 4206(d).

in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  January 13, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE